# EXHIBIT "A"

₹

44-3341-613

Date: 05/27/07
Time: 10:04 P
Place: 10619 S. Jordan PKwy
Served by: _____
Served on: John Sacks

Brad H. Beamson (#3633)
Shawn P. Bailey (#9905)
*Attorneys for Plaintiffs*
399 N. Main, 3rd Floor
Logan, Utah 84321
Telephone: (435) 787-9700
Facsimile: (435) 787-2455

## IN THE FIRST JUDICIAL DISTRICT COURT

## IN AND FOR CACHE COUNTY, STATE OF UTAH

| VIRGINIA HAUSER and the ESTATE OF BRUCE HAUSER,<br><br>     Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br><br>     Defendant. | **SUMMONS**<br><br><br>Case No. 090101379<br>Judge: Kevin K. Allen |
| --- | --- |

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**
**c/o John Sacks**
**10619 South Jordan Gateway, Suite 300**
**South Jordan, Utah 84095**

You are hereby summoned and required to file an Answer in writing to the attached

Complaint with the Clerk of the above-entitled Court, whose address is 135 North 100 West,

Logan, Utah, 84321, and to serve upon or mail to Brad H Bearnson, Plaintiff's attorney, 399

Page 1 of 2

Sc

05/2 May. 28. 2009 1 2:01PM 876 State Farm Auto Claims OP CENTER       No. 0116   P. 4 3

.   05/28/2009 18:41 FAX  4857872455                                    ☒ 004/009

North Main, Suite 300, Logan, Utah, 84321, a copy of said Answer, within twenty (20) days after

service of this Summons upon you.

If you fail to do so, judgment will be taken against you for the relief demanded in said

Complaint, which has been filed with the Clerk of the said Court and a copy of which is hereto

annexed and herewith served upon you.

DATED this **26** day of May, 2009.

                                        BEARNSON & PECK, L.C.


                                        Brad H. Bearnson
                                        Shawn P. Bailey
                                        Attorneys for the Plaintiff

05/2May. 28. 2009 ı 2:01PM 576 State Farm Auto ClaimsOP CENTER   No. 0118  P. 54

05/28/2008 18:41 FAX  4357872455   @005/009

Brad H. Bearnson (#3633)
Shawn P. Bailey (#9905)
*Attorneys for Plaintiffs*
399 N. Main, 3rd Floor
Logan, Utah 84321
Telephone: (435) 787-9700
Facsimile: (435) 787-2455

IN THE FIRST JUDICIAL DISTRICT COURT
IN AND FOR CACHE COUNTY, STATE OF UTAH

| | |
|---|---|
| VIRGINIA HAUSER and the ESTATE OF BRUCE HAUSER, | **COMPLAINT** |
| Plaintiffs, | |
| v. | Case No. 090161379 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | Judge: Kevin K. Allen |
| Defendant. | |

Plaintiffs Virginia Hauser and the Estate of Bruce Hauser hereby complain and allege as

follows against Defendant State Farm Mutual Automobile Insurance Company ("State Farm");

### GENERAL ALLEGATIONS

1.    Plaintiff Virginia Hauser is a resident of Cache County, Utah.

2.    Prior to his tragic death, Bruce Hauser was a resident of Cache County, Utah.

3.    Defendant State Farm is a foreign corporation doing business as an insurer and

licensed in the State of Utah.

5C

4.    Prior to April 27, 2008, Bruce and Virginia Hauser entered into one or more policies of insurance and insurance contracts with State Farm covering a Honda Goldwing Motorcycle.

5.    On April 27, 2008, Bruce and Virginia Hauser were riding their Honda Goldwing together on Main Street in Heber City, Utah.

6.    Blaine L. Epperson negligently crashed his truck into Bruce and Virginia Hauser.

7.    Both Bruce and Virginia Hauser became trapped under Mr. Epperson's truck.

8.    Bruce Hauser died as a result of injuries he sustained in this accident caused by Mr. Epperson.

9.    Virginia Hauser sustained serious injuries as a result of this accident caused by Mr. Epperson.

10.    When he caused this accident, Mr. Epperson was driving an "underinsured motor vehicle" as that term is defined by Utah law.

### FIRST CLAIM FOR RELIEF
### (Declaratory Judgment - Utah Code § 31A-22-305.3)

11.    Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as though set forth completely herein.

12.    Under Utah Code § 31A-22-305.3(2)(b) et seq. and former §31A-22-305(b) et seq. and in accordance with the policies and contracts of insurance entered into by the parties, Plaintiffs are entitled to underinsured motorist coverage "equal to the lesser of the limits of the

insured's motor vehicle liability coverage or the maximum underinsured motorist coverage limits
available by the insurer under the insured's motor vehicle policy."

    13.    Further, under §31A-22-305.3(2)(h)(I) and earlier in former §31A-22-305(h)(I)
the Utah Legislature provided that the first two renewal notices sent after January 2001 for
policies existing on that date, shall disclose, in the same medium as the premium renewal notice,
(A) an explanation of the purpose of underinsured motorist coverage and (B) the costs associated
with increasing motorist coverage up to the maximum amount available. The Defendant State
Farm failed to send the required notices to the Plaintiff, Virginia Hauser and her deceased
husband, Bruce Hauser, and/or such notices, if sent, failed to comply with the terms of applicable
law.

    14.    Upon information and belief, the liability limit of the Plaintiffs' motor vehicle
coverage for this incident is $100,000.

    15.    Despite Plaintiffs' repeated requests, Defendant has refused to comply with §
31A-22-305.3(b) by providing $100,000 of underinsured coverage to plaintiffs.

    16.    Therefore, Plaintiffs are entitled to declaratory judgment that they are entitled to
$100,000 of underinsured motorist coverage under § 31A-22-305.3(b) and their insurance
contract with Defendant.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

17.     Plaintiffs incorporate by reference the foregoing paragraphs of this

Complaint as though set forth completely herein.

18.     Plaintiffs are entitled to $100,000 of underinsured motorist coverage under their

insurance contract with defendant.

19.     By refusing to provide $100,000 of underinsured motorist coverage, defendant has

breached its contract with plaintiffs.

20.     Plaintiffs are entitled to an Order enforcing the contract—and an Order awarding

any direct and consequential damages, costs, and fees appropriate under the contract.

## THIRD CLAIM FOR RELIEF
### (Breach of the Implied Duty of Good Faith and Fair Dealing)

21.     Plaintiffs incorporate by reference the foregoing paragraphs of this

Complaint as though set forth completely herein.

22.     Defendant has engaged in a pattern of intentional conduct calculated to deprive

plaintiffs of the benefits of the parties' insurance contract.

23.     Plaintiffs are entitled to damages for Defendant's breach of the implied covenant

of good faith and fair dealing.

WHEREFORE, Plaintiffs pray for judgment against Defendant for the following relief:

Case 1:09-cv-00091-DN   Document 1-2   Filed 06/26/09   Page 8 of 8   p. 9a

05/2 May. 28. 2009 1 2:03PM 876 State Farm Auto Claims OP CENTER          No. 0116   P. 9a
 - ; 05/28/2009 16:41 FAX  4367872455                                      ☑ 009/009

1.    On the FIRST CLAIM FOR RELIEF, for judgment against Defendant in the amount of $100,000, or such greater amounts as may be proven at trial, together with prejudgment interest.

2.    On the SECOND CLAIM FOR RELIEF, for judgment against Defendant in the amount of $100,000, or such greater amounts as may be proven at trial, together with prejudgment interest and/or an Order enforcing the contract—and awarding any direct and consequential damages, costs, fees, and interest appropriate under the contract.

3.    On the THIRD CLAIM FOR RELIEF, for judgment against Defendant in an amount to be proved at trial.

4.    Such other and further relief as the Court deems appropriate.

### JURY DEMAND

Pursuant to Rule 38 of the Utah Rules of Civil Procedure, Plaintiffs demand a trial by jury of all issues triable by a jury. The requisite jury fee has been filed herewith.

DATED this _13_ day of _may_ , 2009.

BEARNSON & PECK, L.C.

Brad H. Bearnson
Shawn P. Bailey
Attorneys for Plaintiffs