Stuart H. Schultz, #2886
Andrew D. Wright, #8857
STRONG & HANNI
3 Triad Center, Suite 500
Salt Lake City, Utah 84180
Telephone: (801) 532-7080
Facsimile: (801) 323-2037
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VIRGINIA HAUSER and the ESTATE OF BRUCE HAUSER,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | **ATTORNEYS' PLANNING MEETING REPORT**<br><br><br>Case No.: 1:09cv00091<br><br>Judge David Nuffer |

1. **PRELIMINARY MATTERS**:

    a. The nature of the claims and affirmative defenses is:

    On April 27, 2008, Bruce and Virginia Hauser were involved in a motorcycle accident. Mr. Hauser died from injuries sustained in the accident, and Mrs. Hauser was also seriously injured.

Plaintiffs seek a judicial declaration that they are entitled to $100,000 worth of underinsured motorist ("UIM") coverage pursuant to the policy of insurance issued by Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). Plaintiffs claim that their UIM coverage should have matched the amount of their $100,000 liability limits. Plaintiffs have also stated claims for Breach of Contract and Breach of the Implied Duty of Good Faith and Fair Dealing, based on State Farm's alleged refusal to make $100,000 worth of UIM coverage available.

State Farm disputes that Plaintiffs are entitled to $100,000 in UIM coverage. It is State Farm's position that the Hauser's policy included lower UIM limits, and that such limits were acceptable under Utah law because State Farm complied with the issuance and notification requirements pertaining to UIM coverage. As such, Plaintiffs' claims should be dismissed.

    b.    This case is   \_\_\_\_\_not referred to a magistrate judge

        \_\_\_\_\_referred to magistrate judge _____

            \_\_\_\_\_under 636(b)(1)(A)

            \_\_\_\_\_under 636(b)(1)(B)

    \_\_x\_\_assigned to a magistrate judge under General Order 07-001

    and

    \_\_x\_\_ all parties consent to the assignment for all proceedings or

    \_\_\_\_ one or more parties request reassignment to a district judge

2

    c.     Pursuant to Fed. R.Civ.P. 26(f), a meeting was held on **July 28, 2009** by telephone.

           The following were in attendance: **Brad Bearnson** and, counsel for Plaintiffs, and **Andrew Wright**, counsel for State Farm.

    d.     The parties **do not** request an initial pretrial scheduling conference with the court prior to entry of the scheduling order. An initial pretrial scheduling conference is set before Magistrate Judge David Nuffer on **September 9, 2009** at **11:30 a.m.**

    e.     The parties will exchange by **August 20, 2009** the initial disclosures required by Rule 26(a)(1).

    f.     Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed.R.Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) e-mail transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

2.    **DISCOVERY PLAN**: The parties jointly propose to the court the following discovery plan: *Use separate paragraphs or subparagraphs as necessary if the parties disagree.*

    a.     Discovery is necessary on the following subjects: **insurance coverage, liability and damages.**

    b.     Discovery Phases. **Discovery will be conducted in phases. The first phase of discovery will be directed solely at determining what level of UIM coverage is available under the Hauser policy. The following deadlines pertain to this**

3

**first phase. The UIM coverage issue is potentially determinative of this entire case and the parties anticipate filing dispositive motions based on this issue. Depending on the outcome of those motions, the parties will convene a second attorneys' planning meeting, if necessary, to address discovery on any issues remaining at that time.**

c. Designate the discovery methods to be used and the limitations to be imposed.

    (1) *For oral exam depositions, (i) specify the maximum number for the plaintiff(s) and the defendant(s), and (ii) indicate the maximum number of hours unless extended by agreement of the parties.*

        Oral Exam Depositions

        Plaintiff(s) __10__

        Defendant(s) __10__

        Maximum no. hrs. per deposition __7__

    (2) *For interrogatories, requests for admissions, and requests for production of documents, specify the maximum number that will be served on any party by any other party.*

        Interrogatories __25__

        Admissions __25__

        Requests for production of documents __25__

    (3) Other discovery methods: **Records subpoenas, as necessary, to obtain documents from non-parties.**

4

    d.    Discovery of electronically stored information should be handled as follows: **As per Rules 26(a)(1) and 34(a), F.R.C.P.**

    e.    The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: **Reasonable Protective Order(s) will be agreed to by the parties.**

3. **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES:**

    a.    The cutoff dates for filing a motion to amend pleadings are: *specify date*

    Plaintiff(s) **10/16/2009**    Defendant(s) **10/16/2009**

    b.    The cutoff dates for filing a motion to join additional parties are: *specify date*

    Plaintiff(s) **10/16/2009**    Defendants(s) **10/16/2009**

    *(NOTE: Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed.R.Civ.P. 15(a))*.

4. **EXPERT REPORTS:**

Reports from experts under Rule 26(a)(2) will be submitted on: *specify dates*

    Plaintiff(s) **3/26/2010**

    Defendant(s) **4/26/2010**

    Counter reports **5/14/2010**

5. **OTHER DEADLINES:**

    a.    Discovery cutoff:  Fact **2/26/2010**    Expert **5/26/2010**

    b.    *(optional)* Final date for supplementation of disclosures under Rule 26 (a)(3) and of discovery under Rule 26 (e) ___/___/___

    c.    Deadline for filing dispositive or potentially dispositive motions and Daubert motions is **6/28/2010.**

6.    **ADR/SETTLEMENT**:

*Use separate paragraphs/subparagraphs as necessary if the parties disagree.*

    a.    The potential for resolution before trial is: ___ good  _x_ fair  ___ poor

    b.    The case should be re-evaluated for settlement/ADR resolution on: **5/26/2010**

7.    **TRIAL AND PREPARATION FOR TRIAL:**

    a.    The parties should have _____ days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than 14 days provided by Rule).

    b.    This case should be ready for trial by: **To be determined following phase 1 of discovery.**

        *Specify type of trial*: Jury _x_  Bench _____

    c.    The estimated length of the trial is: *specify days* __5__

_____    Date: 8/18/09
Brad H. Bearnson
Attorney for Plaintiff

_____    Date: 8/18/09
Stuart H. Schultz
Attorney for Defendant

## NOTICE TO COUNSEL

The Report of the Attorney Planning Meeting should be completed and filed with the Clerk of the Court thirty days before the date of the Initial Pretrial Conference. A copy of the Proposed Scheduling Order on the court's official form should be submitted in word processing format by email to ipt@utd.uscourts.gov. If counsel meet, confer, and
    (i)    file a stipulated Attorney Planning Meeting Report *and*
    (ii)    email a draft scheduling order in word processing format by email to ipt@utd.uscourts.gov
30 days before the scheduled hearing, the Court will consider entering the Scheduling Order based on the filed Attorney Planning Meeting Report.

If the Hearing is held, counsel should bring a copy of the Attorney Planning Meeting Report to the Hearing.

In CM/ECF, this document should be docketed as Other Documents - Attorney Planning Meeting.

More information is available at
    http://www.utd.uscourts.gov/documents/ipt.html