# EXHIBIT
# 1

Brad H. Bearnson (#3633)
Shawn P. Bailey (#9905)
BEARNSON & PECK, L.C.
399 North Main Street, Suite 300
Logan, Utah 84321
Telephone: (435) 787-9700
Facsimile: (435) 787-2455
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| **VIRGINIA HAUSER and the ESTATE OF BRUCE HAUSER,**<br><br>     Plaintiffs,<br><br>v.<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**<br><br>     Defendant. | **FIRST AMENDED COMPLAINT**<br><br><br><br>Case No. 1:09-CV-00091<br>District Judge: _____<br>Magistrate Judge David Neffer |

Plaintiffs Virginia Hauser and the Estate of Bruce Hauser hereby complain and allege as follows against Defendant State Farm Mutual Automobile Insurance Company ("State Farm"):

### GENERAL ALLEGATIONS

1.     Plaintiff Virginia Hauser is a resident of Cache County, Utah.

2.     Prior to his tragic death, Bruce Hauser was a resident of Cache County, Utah.

3.     Defendant State Farm is a foreign corporation doing business as an insurer and licensed in the State of Utah.

4.      Prior to April 27, 2008, Bruce and Virginia Hauser entered into one or more policies of insurance and insurance contracts with State Farm covering a Honda Goldwing Motorcycle.

5.      On April 27, 2008, Bruce and Virginia Hauser were riding their Honda Goldwing together on Main Street in Heber City, Utah.

6.      Blaine L. Epperson negligently crashed his truck into Bruce and Virginia Hauser.

7.      Both Bruce and Virginia Hauser became trapped under Mr. Epperson's truck.

8.      Bruce Hauser died as a result of injuries he sustained in this accident caused by Mr. Epperson.

9.      Virginia Hauser sustained serious injuries as a result of this accident caused by Mr. Epperson.

10.     When he caused this accident, Mr. Epperson was driving an "underinsured motor vehicle" as that term is defined by Utah law.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment - Utah Code § 31A-22-305.3)

11.     Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as though set forth completely herein.

12.     Under Utah Code § 31A-22-305.3(2)(b) et sec. and former §31A-22-305(9) et sec. and in accordance with the policies and contracts of insurance entered into by the parties, Plaintiffs are entitled to underinsured motorist coverage "equal to the lesser of the limits of the

insured's motor vehicle liability coverage or the maximum underinsured motorist coverage limits available by the insurer under the insured's motor vehicle policy."

13.     Further, under §31A-22-305.3(2)(h) et sec. and earlier in former §31A-22-305(9)(g) et sec. the Utah Legislature provided that the first two renewal notices sent after January 1, 2001, for policies already existing by that date, shall disclose, in the same medium as the premium renewal notice, (A) an explanation of the purpose of underinsured motorist coverage and (B) the costs associated with increasing motorist coverage up to the maximum amount available. The Defendant State Farm failed to send the required notices to the Plaintiff, Virginia Hauser and her deceased husband, Bruce Hauser, and/or such notices, if sent, failed to comply with the terms of applicable law.

14.     Upon information and belief, the liability limit of the Plaintiffs' motor vehicle coverage for this incident is $100,000.

15.     Despite Plaintiffs' repeated requests, Defendant has refused to comply with § 31A-22-305.3(2)(b) and/or § 31A-22-305.3(2)(h) by providing $100,000 of underinsured coverage to plaintiffs.

16.     Therefore, Plaintiffs are entitled to declaratory judgment that they are entitled to $100,000 of underinsured motorist coverage under their insurance contract with Defendant and §§ 31A-22-305.3(2)(b) or 31A-22-305.3(2)(h).

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

17.     Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as though set forth completely herein.

18.     Plaintiffs are entitled to $100,000 of underinsured motorist coverage under their insurance contract with defendant.

19.     By refusing to provide $100,000 of underinsured motorist coverage, defendant has breached its contract with plaintiffs.

20.     Plaintiffs are entitled to an Order enforcing the contract, and an Order awarding any direct and consequential damages, costs, and fees appropriate under the contract.

## THIRD CLAIM FOR RELIEF
### (Breach of the Implied Duty of Good Faith and Fair Dealing)

21.     Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as though set forth completely herein.

22.     Defendant has engaged in a pattern of intentional conduct calculated to deprive plaintiffs of the benefits of the parties' insurance contract.

23.     Plaintiffs are entitled to damages for Defendant's breach of the implied covenant of good faith and fair dealing.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant for the following relief:

1.      On the FIRST CLAIM FOR RELIEF, for judgment against Defendant in the amount of $100,000, or such greater amounts as may be proven at trial, together with prejudgment interest.

2.      On the SECOND CLAIM FOR RELIEF, for judgment against Defendant in the amount of $100,000, or such greater amounts as may be proven at trial, together with prejudgment interest and/or an Order enforcing the contract and awarding any direct and consequential damages, costs, fees, and interest appropriate under the contract.

3.      On the THIRD CLAIM FOR RELIEF, for judgment against Defendant in an amount to be proved at trial.

4.      Such other and further relief as the Court deems appropriate.

**JURY DEMAND**

Pursuant to Rule 38 of the Utah Rules of Civil Procedure, Plaintiffs demand a trial by jury of all issues triable by a jury. The requisite jury fee has been filed herewith.

DATED this 7th day of July, 2010.

BEARNSON & PECK, L.C.

Brad H. Bearnson
Shawn P. Bailey
Attorneys for Plaintiffs